**Dated: December 13, 2016**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                     )
                                           )
   Robert B. Kimball and               )   Case No. 16-11996-JDL
   Janet R. Kimball,                   )   Chapter 7
                                           )
        Debtors.                    )

### ORDER DETERMINING APPLICABLE STATUTE OF LIMITATIONS TO CLAIM AND RESCHEDULING HEARING

     This matter is before the Court on *Debtors' Objection to Proof of Claim of Alleged Priority Secured Creditor Tambra Lynn Kimball* ("Objection ") [Doc. 27] and the *Response to Objection of Creditor Tambra Lynn Kimball* ("Tambra") ("*Response*") [Doc. 29]. The basis of Debtor's *Objection* is that the claim for back child support of Tambra, Debtor Robert B Kimball's ("Robert") ex-wife, is barred by the statute of limitations. In her *Response,* Tambra asserts that the statute of limitations was extended by Robert's voluntary payment of his child support obligation after the expiration of the statute of limitations. By its *Order Continuing Hearing on Debtors Objection to Proof of Claim* the

court directed the parties to submit briefs on the issue of the statute of limitations under the child support order in the Decree of Divorce issued by the State of Utah. [Doc. 37]. Debtor, Robert, timely submitted his *Brief on the Identified Subject of Tolling of Statute of Limitations of Child Support as Ordered by State of Utah* ("*Debtor's Brief*") [Doc. 39]. The creditor, Tambra, failed to file a brief as directed by the Court. Despite Tambra's failure to submit a brief, this Court must consider the case on the merits. "Courts are not required to grant a request for relief simply because the request is unopposed." *In re Millspaugh*, 302 B.R. 90, 93 (Bankr. D. Idaho 2003); *In re Franklin*, 210 B.R. 560, 562 (Bankr. N.D. Ill. 1997); *Nunez v. Nunez (In re Nunez)*, 196 B.R. 150, 156-57 (9th Cir. BAP 1996) (the BAP observing that "[t]he granting of an uncontested motion is not an empty exercise but requires that the Court find merit to the motion.").

This Court has jurisdiction over this contested matter of the Debtor's objection to the creditor's claim pursuant to 28 U.S.C. §§ 157(a)(1), 157 (b)(2)(B) and 1334 and Rules 3007 and 9014 of the Fed. R. Bankr. P.

**Background**

The essential facts do not appear to be in dispute. Robert and Tambra were divorced pursuant to a Decree of Divorce entered in the Second District Court for Weber County, State of Utah on September 30, 1996, in the case styled, "*Tambra Alexander-Kimball, Plaintiff v. Robert B. Kimball, Defendant*, Civ. No. 964902306DA". [Doc. 39-1]. They had one child together born on May 23, 1993. [Doc. 39]. Pursuant to the Divorce Decree, Tambra was granted custody of the child, and Robert was to pay child support in the amount of $165.00 per month plus $25.00 each month for the child's medical expenses

2

until the child reached eighteen years of age or until she graduated from high school. [Doc. 39-1]. This amount was never amended or modified. [Doc. 39 ¶ 2].

Over the years Robert made various child support payments, but there is apparently no dispute that he did not make all the monthly payments required. Tambra has filed a Proof of Claim for a priority domestic relations obligation for child support arrearages in the amount of $28,685.00. [Claim # 3-1 ]. This amount is apparently based upon an Affidavit executed by Tambra that as of the spring of 2015 Robert owed that much child support arrearage. [Doc. 39 ¶ 3]. In Robert's Brief he takes issue with this amount on the basis that under Utah law the statute of limitations for the collection of child support is the longer of four years from the date the child reaches majority or eight years from the entry of a sum certain by a tribunal. Since the child attained majority and graduated from high school in May 2011, child support terminated at that time and Robert would only have been obligated for payments accruing prior to that date.

Robert contends that Tambra cannot enforce child support arrearages any earlier than eight years prior to the filing of the bankruptcy petition, or June 2008, through the child's attainment of majority in May 2011. For that three year time period, the total child support and medical expenses would, according to Robert, have been $6,840.00. [Doc. 39 ¶ 16]. Robert claims that in the eight years prior to the filing of the bankruptcy petition (since June, 2008) he has paid Tambra child support in the amount of $3,030.00. Thus, he asserts that the total amount which he owes her pursuant to her Proof of Claim is $3,810.00. [Doc. 39 ¶ 18].

While Tambra did not file a brief on the statute of limitations question requested by the Court, in her *Response* to Robert's Objection to Proof of Claim she agreed with Robert that the applicable statute of limitations was eight years under 78b Utah Code §5-202 [6]:

> (a) A child support order or a sum certain judgment for past due support may be enforced:
>
>> (i) within four years after the date the youngest child reaches majority; or
>>
>> (ii) eight years from the date of entry of the sum certain judgment entered by a tribunal.
>
> (b) The longer period of duration shall apply in every order.
>
> (c) A sum certain judgment may be renewed to extend the duration.

In agreeing that the statute of limitations of Utah applies, neither party raises the unsettled and potentially determinative choice-of-law issue presented here.   As this Court sees it, the key question is whether this Court should apply the choice-of law rules of the forum state (Oklahoma) in which it sits or the choice-of-law rules of Utah where the child support order was entered and where Tambra and the child reside.

## Applicable Law

It is well established that when a federal court sits in diversity, it must look to the forum state's choice of law rules to determine the controlling *substantive* law.  *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S. Ct.1464 (1945); *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020 (1941); *Garcia v. International Elevator Co, Inc*, 358 F.3d 777 (10th Cir. 2004); *New York Life Insurance, Co. v. K N Energy, Inc.*, 80 F.3d 405, 409 (10th Cir. 1996).  On the other hand, when it comes to an issue of *procedural* law, the general rule is that the law of the forum state applies.  *Sun Oil Co. v. Wortman*, 486 U.S.

717, 108 Sup. Ct. 2117 (1988) (holding that the Constitution does not bar application of the forum state's statute of limitations to claims governed by the substantive law of a different state). Statutes of limitation are generally regarded as procedural, and thus many federal courts hold that the applicable statute limitations is that of the forum. *The Dow Chemical Corp. v. Weevil-Cide Co., Inc.*, 897 F.2d 481, 483-84 (10th Cir. 1990) ("A federal court hearing a diversity action applies the statute of limitations which would be applied by a court of the forum state."). In *Thornton v. T & W Tire, LP*, 410 F. Supp. 2d 1098, 1101 (W.D. Okla. 2008) the court stated:

> "[W]hen the question is which state's limitations period applies, choice of law principles hold that it is ordinarily the limitations period of the forum state which applies rather than the limitations period in the state with the most significant contacts."

For choice of law purposes, Oklahoma regards a statute of limitations as procedural and applies the law of the forum. *Trinity Broadcasting Corp. v. Leeco Oil Co.*, 1984 OK 80, 692 P.2d 1364; *Western Natural Gas Co. v. Cities Service Gas Co.*, 507 P.2d 1236 (Okla. 1972); *Masquat v. DaimlerChrysler Corp.*, 2008 OK 67, 195 P.3d 48.

Here, in contrast to a federal court sitting in diversity jurisdiction, we are dealing with a bankruptcy court exercising federal question jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). The U.S. Supreme Court has never extended its holding in *Klaxon* applying the choice-of-law rules of the forum state in diversity cases to cases involving bankruptcy courts. Courts are divided on the issue of whether bankruptcy courts should apply the choice-of-law rules of the forum state or those of federal common law. The Second, Third, Fourth and Eighth Circuits have held that a bankruptcy court should apply the choice-of-law rules of the forum state in which it sits. *In re Teleglobe Communications*, 493 F.3d 345, 358

(3rd Cir. 2007); *In re Payless Cashway*, 203 F.3d 1081, 1084 (8th Cir. 2000); *In re Gaston & Snow,* 243 F.3d 599, 601-02 (2nd Cir. 2001); *In re Merritt Dredging Co.,Inc.*, 839 F.2d 203, 206 (4th Cir. 1988) (noting that "the argument for applying the *Klaxon* rule to state law questions arising in bankruptcy cases is compelling.").

On the other hand, the Seventh, Ninth and Tenth Circuits have held that the choice of law or rules of the forum state generally are irrelevant in answering choice of law questions in federal question cases. *Berger v. AXA Network LLC*, 459 F.3d 804, 810 (7th Cir. 2006); *Liberty Tool & Mfg. v. Vortex Fishing Systems, Inc. (In re Vortex Fishing Systems, Inc.),* 277 F.3d 1057, 1069 (9th Cir. 2002); *Lindsay v. Beneficial Reinsurance Co. (In re Lindsey)*, 59 F.3d 942, 948 (9th Cir. 1995) ("In federal question cases with exclusive jurisdiction in federal court, such as bankruptcy, the court should apply federal, not forum state, choice of law rules."); *Sterba v. PNC Bank (In re Sterba)* 516 B.R. 579 (9th Cir. BAP 2014).

The Tenth Circuit has held that where jurisdiction is not based on diversity of citizenship, federal common law choice-of-law rules apply. Federal common law follows the approach outlined in the *Restatement (Second) of Conflict of Laws*. In *Held v. Manufacturers Hanover Leasing Corp.*, 912 F.2d 1197, 1202-03 (10th Cir. 1990), the Tenth Circuit adopted the statute of limitations choice-of-law provision of the *Restatement (Second) of Conflict of Laws* §142 stating:

> "Instead, we adopt §142 of the Restatement as the means of determining which state's statute of limitation applies when a federal statute that is the basis of a claim does not specify the appropriate limitation. Section 142 provides:

6

> Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:
>
> (1) The forum will apply its own statute of limitations barring the claim.
>
> (2) The forum will apply its own statute limitations permitting the claim unless:
>
> > (a) maintenance of the claim would serve no substantial interest of the forum; and
> >
> > (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.
>
> *Restatement (Second) of Conflict of Laws (Supp.1988).*"

In other words, the *Restatement* takes the position that statute of limitations choice of law questions should be decided in the same way as choice of law questions generally, abandoning its earlier position that statutes of limitation should be treated as procedural for choice of law purposes and governed by the law of the forum.[1] *Hamilton v. Cunningham*, 880 F. Supp. 1407,1413 (D. 1995); *Lindsay v. Beneficial Reinsurance Co.. (In re Lindsey)*, 59 F.3d 942, 948 (9th Cir. 1995) ("In federal cases with exclusive jurisdiction in federal court, such as bankruptcy, the court should apply federal, not forum state, choice of law rules.").

---

[1] Prior to the 1988 amendments, the *Restatement (Second) of Conflict of Laws* § 142 provided:
"(1) An action will not be maintained if it is barred by the statute of limitations of the forum, including a provision barring the statute of limitations of another state.
(2) An action will be maintained if it is not barred by the statute of limitations of the forum, even though would be barred by the statute of limitations of another state, except as stated in § 143."

7

Thus, the first paragraph of § 142 provides the question of whether a claim will be maintained against the defense of the statute of limitations "is determined under the principles stated in § 6" i.e., the local law of the state with the most significant relationship to the limitations issue will govern.  If the maintenance of a claim would serve no substantial interest of the forum and the claim would be barred by the statute limitations of a State with a more significant relationship to the parties or the occurrence, courts may decline to apply a forum's statute of limitations pertaining to the claim and instead apply the other state's statute barring it.  *Restatement* (*Second*) § 142(2).

If the Court were to apply the criteria of *Restatement* § 142, it would appear that Utah has the most "significant relationship to the parties and the occurrence" so as to apply the Utah statute of limitations.  The Decree of Divorce providing for the child support was entered in Utah, and the child and the mother still reside in Utah.[2]

This is one instance, however, in which federal common law under the criteria of the *Restatement* should not determine which state's statute of limitations applies.  To resolve interstate issues involving enforcement of child support obligations, in 1994 Congress enacted the Full Faith and Credit Child Support Orders Act (FFCCSOA), 28 U.S.C.A.§1738B,Credit Child Support Orders Act (FFCCSOA), 28 U.S.C.A. § 1738B,[3] which provides for specific rules as to the applicable choice of law in child support matters,

---

[2] At the same time, Oklahoma has an interest, recognized by the adoption of the Uniform Interstate Family Support Act, 43 O.S. §601-100 et seq., to see that child support obligations created outside the State of Oklahoma can be enforced in this state.

[3] The express policy of the FFCCSOA is "to establish national standards under which the courts of the various States shall determine their jurisdiction to issue a child support order and the effect to be given by each State to child support orders issued by the courts of other States."  Pub. L. No. 103-383, § 2(b).

8

including the applicable choice of law for the statute of limitations. Section 1738B(h) providing as follows:

> (h) Choice of law.
>
> (1) In general. – In a proceeding to establish, modify, or enforce a child support order, the forum State's law shall apply except as provided in paragraphs (2) and (3).
>
> (2) Law of State of issuance of order. – In interpreting a child support order including the duration of current payments and other obligations of support, a court shall apply the law of the State court that issued the order.
>
> (3) Period of limitation. – In an action to enforce arrears under a child support order, a court shall apply the statute of limitation of the forum State or the State of the court that issued the order, *whichever statute provides the longer period of limitation*. (Emphasis added.).

In addition to the FFCCSOA, the applicable statute of limitations is also addressed in the Uniform Interstate Family Support Act ("UIFSA") adopted by both Utah and Oklahoma which provides that, "[I]n a proceeding for arrears under a registered support order, the statute of limitations of this state or of the issuing state or foreign country, *whichever is longer, applies*." 43 O.S. § 601-604(B); 78b-14-604(2).[4] The applicability of 28 U.S.C.A. § 1738B is not restricted to orders under the UIFSA but applies to all child support orders. Thus, regardless of whether the Utah child support order is registered in Oklahoma with the Department of Human Services under the UIFSA, the choice of law statute of limitations is the state with the longer statute of limitations.

---

[4] Both Utah and Oklahoma repealed their respective versions of the previous Uniform Reciprocal Enforcement of Support Act ("URESA") and replaced it with the Uniform Interstate Family Support Act ("UIFSA") January 1 and September 1, 1994, respectively.

Oklahoma clearly provides for the longer statute of limitations in child support actions than does Utah. In fact, in Oklahoma there is no statute of limitations for collection of child support arrearages, 12 O.S. § 95(10) providing, "Court-ordered child support is owed until it is it is paid in full and it is not subject to a statute of limitations."

In her *Response* to Robert's *Objection* that her claim is barred by the statute limitations of Utah, Tambra asserts that Robert's 2015-2016 voluntary payments coupled with his acknowledgment of his obligation towards his past due child support revived the statute of limitations.[5] The issue of whether Robert's part payment and acknowledgment of his child support obligation extended or renewed the statute of limitations, however, is moot by virtue of this Court's determination that the applicable statute of limitations for the enforcement of collection of child support is governed by 12 O.S. § 95(10) which places no limitations for the enforcement of child support. Thus, the statute limitations will never expire, and the question of Robert's partial payment or acknowledgment of his obligation regarding the statute of limitation issue is irrelevant.

For the reasons set forth above, the Court finds that any claim of Tambra Lynn Kimball is not barred by the applicable statute of limitations. This does not mean, however, that her Proof of Claim is allowed as filed. "A proof of claim is deemed allowed unless a party

---

[5] Interestingly, the law of Utah and Oklahoma differ as to the effect of a voluntary payment or acknowledgment of a debt as reviving or extending the statute of limitations. Utah Code §78b-2-113 entitled "Effect of payment, acknowledgment, promise to pay" has been interpreted as not extending the limitations period if the promise, part payment or acknowledgment occurs after the applicable statute limitations has run. *State Bank of Southern Utah v. Troy Hygro Systems, Inc.*, 894 P.2d 1270 (Utah 1995). By comparison, Oklahoma law provides a voluntary payment or acknowledgment of the debt made after the expiration of the original statute of limitations does permit the commencement anew of the statute of limitations. 12 O.S. 101; *Keota Mills & Elevator v. Gamble*, 2010 OK 12, 243 P.3d 1156; *Central National Bank and Trust Co. V. Stettnisch*, 1987 OK CIV APP 9, 821 P.2d 1066.

10

in interest objects" under 11 U.S.C. § 502(a) and constitutes "prima facie evidence of the validity and amount of the claim" pursuant to Fed. R. Bankr. P. 3001(f)." *Lundell v. Anchor Construction Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). The filing of an objection to claim "creates a dispute which is a contested matter" under Fed. R. Bankr. P. 9014. The objecting party bears the initial burden of controverting a proof of claim and must "come forward with sufficient evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." Id. To rebut a claim's presumption of validity, the objecting party must produce "sufficient evidence to negate one or more of the sworn facts in the proof of claim," in which case "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." Id. The ultimate burden of persuasion lies with the claimant at all times. *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991).

Robert, by objecting to Tambra's claim, has placed at issue the proper amount of the claim for which he may be liable by virtue of both the termination of his obligation upon the child reaching majority and credits for payments which he has made. The determination of the amount of any claim to be allowed to Tambra Lynn Campbell is currently set for evidentiary hearing on December 20, 2016 at 9:30 A.M. With the entry of this order, it is anticipated that the parties will need additional time in which to "crunch numbers" to arrive at the correct figure that is owed Tambra for child support arrearage. Accordingly, this evidentiary hearing will be rescheduled for **January 24, 2017, at 2:00 p.m.** Further, as neither party has filed a witness and exhibit list, the Court hereby directs the parties to file their witness and exhibit lists no later than 5:00 P.M. (CST), January 4, 2017, and to

exchange exhibits no later than 5:00 P.M. (CST), January 17, 2017, pursuant to Local Rule 9014-1 and 9017-1(C).

# # #